
RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Email: rholcomblaw@live.com
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ROMEO RECAIDO, <br><br>            Plaintiff, <br>    vs. <br><br> FIRSTSOURCE ADVANTAGE, LLC <br><br>            Defendant. | ) <br> ) CASE NO. 1:14-CV-127 HG/BMK <br> ) <br> ) AMENDED COMPLAINT FOR <br> ) DAMAGES DECLARATORY AND <br> ) INJUNCTIVE RELIEF with <br> ) VERIFICATION <br> ) <br> ) <br> ) JURY TRIAL REQUESTED <br> ) |

## AMENDED COMPLAINT

### INTRODUCTION

1.     This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

2. This Amended Complaint is filed pursuant to Fed. Rule Civ. Pro. 15(a)(1).

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. This action arises out of Defendant Firstsource Advantage, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff, Romeo Recaido (hereinafter referred to as "Plaintiff" and/or "Romeo"), is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant FIRSTSOURCE ADVANTAGE, LLC (hereinafter referred to as "Defendant" or "Firstsource") is a New York for-profit corporation with its principal office located in Amherst, NY that regularly conducts business in the State of Hawai'i.

8. Defendant may be served by personal service upon its registered

agent, to wit: Firstsource Advantage, LLC, c/o Steven Guttman, 220 S. King Street, Floor 19, Honolulu, HI 96813.

9. Other Defendants may be discovered in the course of litigation, and Romeo Recaido respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## **FACTS**

10. Defendant uses mail in its business.

11. Defendant makes telephone calls in the course of its business.

12. The primary purpose of Defendant's business is the collection of debts.

13. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

14. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

15. Defendant alleges that Romeo incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1.

16. Sometime prior to October 1, 2013, Romeo's alleged debt was sold or otherwise transferred to Defendant for collection from Romeo, when thereafter Romeo received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

17. Romeo's daughter, Monica Recaido, (hereinafter referred to as "Monica"), is not a party to the underlying debt.

18. Defendant's representatives harassed Romeo by making incessant telephone calls to his cellular telephone and Monica's cellular telephone in an attempt to collect the debt.

19. In the course of attempting to collect a debt allegedly due from Romeo to a business who is not a party to this litigation, Defendant initiated multiple communications that violated multiple provisions the FDCPA.

### *Collection Calls to Romeo Recaido's Daughter*

20. Defendant, and the collectors employed by Defendant, repeatedly and willfully contacted Plaintiff's daughter, Monica Recaido, on her cellular telephone number in an effort to collect the debt allegedly owed by Romeo Recaido. These calls were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Monica has electronically saved many of these telephone calls as they

were left on her cellular telephone's voicemail.

22. Throughout the 2013 calendar year, and within one year prior to the filing of this complaint, Defendant called Monica's cellular telephone multiple times and left multiple voicemails.

23. On at least one occasion Monica even spoke with Defendant's representative and explained that her cellular telephone number was not that of Romeo Recaido. She then requested that Defendant never contact her again.

24. As previously explained, Monica Recaido is not a co-signer on the underlying account.

25. Neither Romeo, nor Monica, ever provided Monica's cellular telephone number to the original creditor or Defendant.

26. There is no reason whatsoever that Defendant should have the cellular telephone number of Monica.

27. Monica's cellular telephone account is not linked to, or otherwise related to Romeo's cellular telephone account in any way.

28. Romeo has maintained the same address and cellular telephone number for many years.

29. Defendant has all of Romeo's location information, including Romeo's address and cellular telephone number. Thus, there is no legitimate

5

reason for them to contact any third party.

30. Defendant illegally obtained Monica's cellular telephone number.

31. Defendant illegally called Monica's cellular telephone number and tried to collect a debt allegedly owed by Romeo.

32. Neither Romeo nor Monica have ever received a notice pursuant to 15 U.S.C. §1692g.

33. Many of the messages left by Defendant were in violation of the FDCPA. The phone messages left by the Defendant include, but are not limited to, the following:

34. Defendant's messages state that it is a "debt collector" and the call is an "attempt to collect a debt."

35. Defendant's messages state that they can be reached at "(866) 697-4095".

36. Defendant's messages assert that the call is from "Firstsource Advantage, LLC".

37. The calls from Defendant routinely appear on Monica's caller identification as originating from "(716) 564-4932".

38. Romeo is informed, and therefore asserts, that the telephone number (716) 564-4932 is a telephone number of Defendant, or was an active telephone

number of Defendant when the calls were made.

39. Romeo is informed, and therefore asserts, that the telephone number (866) 697-4095 is a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

40. Romeo has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### *COUNT ONE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNAUTHORIZED CONTACT BY DEFENDANT TO THIRD PARTIES

41. The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

42. Without the prior consent of the consumer given directly to Defendant it may not communicate with any other person in connection with the collection of the debt, except Romeo, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt

collector, other than for the purpose of acquiring "location information".

43. Defendant has all of Romeo's location information, including Romeo's address and cellular telephone number. Thus, there is no legitimate reason for them to contact any third party.

44. In spite of having all of Romeo's location information, Defendant nevertheless attempted to contact, and did contact, Romeo's daughter, Monica Recaido, on her cellular telephone on several occasions.

45. In Defendant's various phone calls Defendant never attempted to confirm or correct Romeo's location information.

46. Romeo never provided Monica's cellular telephone number to Defendant.

47. Monica is confused as to how Defendant obtained her cellular telephone number and concerned about how such a breach of her right to privacy may have occurred.

48. Defendant left several messages on Monica's voicemail.

49. These messages were heard by Monica, who is not a party to the underlying account.

50. On, or about, October 30, 2013 Defendant spoke with Monica.

51. Consequently, Defendant communicated with a third party, Monica,

when attempting to collect a debt from Romeo. The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:  HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

52. The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

53. Defendant's collection calls to Monica are to her cellular telephone number.

54. Defendant's collection calls to Monica are numerous, repetitive, and exceptionally annoying.

55. The volume of the calls placed to Monica by Defendant in its attempts to collect a debt are evidence of conduct that rises to the level of harassment, oppression and/or abuse, and are in violation of the FDCPA.

56. In spite of Monica's conversation with Defendant's representative wherein she explained that she was not Romeo Recaido and requested that Defendant stop calling her, they have continued to have their automated dialer call

Monica several more times.

57. The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest, and show respect to the debtor.

58. The collection attempts by the Defendant in its various telephone calls, voicemails, and messages left for Monica Recaido are attempts to harass, oppress or otherwise abuse Romeo Recaido into payment of a debt.

59. The purpose of FDCPA is the prevention of these types of overreaching collection tactics and means.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: CAUSING PHONE TO RING REPEATEDLY

60. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: Causing Romeo's daughter's cellular telephone to ring repeatedly or continuously with intent to harass, annoy or abuse him, which is a violation of 15 U.S.C. §1692d(5).

61. Monica Recaido has received a large number of calls from Defendant's representatives since March 13, 2013.

62. The repeated calls by Defendant is a form of harassment intended by Defendant to elicit shame and annoyance from Romeo Recaido, and force him to pay an unvalidated debt.

63. As a result of Defendants' actions, Romeo is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

64. Defendant also violated Romeo's right to privacy and committed an intrusion upon his seclusion when it called his and/or his daughter's cellular telephone number without first obtaining consent to call said number(s).

65. Defendant is therefore liable to Romeo Recaido for its intentional and negligent acts, errors and/or omissions committed in violation of various federal laws by its collection employees which include, but are not limited to, violations of the FDCPA and invasions of Romeo's privacy and intrusion upon his seclusion.

66. As a result of Defendant's actions, Romeo Recaido is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

*Summary*

67. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions.

**TRIAL BY JURY**

68. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant violated Romeo Recaido's rights under the Fair Debt Collection Practices Act;

b) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

c) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

d) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

e) That the Court declare all defenses raised by Defendant to be insufficient; and

f) Such other and further relief, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 20th day of March, 2014.

*/s/ Justin A. Brackett*
Richard L. Holcomb, #9177
Justin A. Brackett, #9954

Holcomb Law, LLLC
Attorneys for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
rholcomblaw@live.com